IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA U. ZACHARIAS, | ) Case No. 12-06525 SC |
| Plaintiff, | ) ORDER GRANTING MOTION TO |
| v. | ) DISMISS |
| JP MORGAN CHASE BANK, N.A., BANK OF AMERICA, N.A., | ) |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff Reyna U. Zacharias ("Plaintiff") brings this action in connection with foreclosure proceedings commenced against her San Francisco home. Specifically, she asserts claims for: (1) slander of title, (2) wrongful foreclosure, and (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). ECF No. 1 Ex. 1 ("Compl."). Defendants JP Morgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. ("BofA") (collectively, "Defendants") now move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5 ("MTD").[1] The motion is fully briefed, ECF Nos. 22 ("Opp'n"), 27

---

[1] Defendants first noticed their motion on December 26, 2012 and re-noticed the motion after the matter was re-assigned to the undersigned. ECF Nos. 3, 20.

("Reply"), and appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS the motion.

## II. BACKGROUND

In April 2007, Plaintiff obtained a loan from Washington Mutual Bank, F.A. ("WaMu"), secured by a deed of trust (the "DOT") encumbering her San Francisco home. Compl. ¶ 9; ECF No. 6 (Request for Judicial Notice ("RJN")) Ex. 1 ("DOT").[2] The DOT identifies WaMu as the beneficiary and indicates that WaMu lent Plaintiff $947,500. The federal government later closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as the bank's receiver. See RJN Ex. 2 ("Purchase Agreement"). On September 25, 2008, Chase acquired certain assets and liabilities of WaMu through an asset purchase agreement with the FDIC. Id. On September 21, 2009, an "Assignment of Deed of Trust" was recorded with the San Francisco Assessor-Recorder. Compl. ¶ 10; RJN Ex. 3 ("DOT Assignment"). The document states that Chase, as successor in interest to WaMu, assigned its interest in the DOT to BofA. DOT Assignment.

---

[2] Plaintiff's objections to Defendants' RJN, ECF No. 23, are OVERRULED and the Court takes judicial notice of the deed of trust and the other publicly filed documents attached to the RJN, but not the truth of the matters asserted by those documents. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" because, among other things, it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the Court "may properly take notice of public facts and public documents." Cactus Corner, LLC v. U.S. Dept. of Agric., 346 F. Supp. 2d 1075, 1098 (E.D. Cal. 2004). Additionally, Plaintiff references many of the documents attached to the RJN in her complaint and, under the "incorporation by reference doctrine," a court may properly consider such documents. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)

A notice of default was also recorded on September 21, 2009, indicating that Plaintiff was $13,873.88 in arrears on her loan payments. RJN Ex. 4. Two notices of trustee's sale were later recorded, the first on December 23, 2009, and the second on November 5, 2012. RJN Exs. 5, 6. According to the second notice, a trustee's sale was scheduled for November 26, 2012, and the unpaid balance and other charges on Plaintiff's loan totaled $1,082,141.68. It is unclear whether the trustee's sale has yet occurred.

On November 19, 2012, Plaintiff filed the instant action in California Superior Court and the case was subsequently removed on diversity and federal question grounds. ECF No. 1. Plaintiff asserts three causes of action: (1) slander of title, (2) wrongful foreclosure, and (3) violation of the RICO statute. Compl. ¶¶ 15-57. The first two claims are predicated on the allegation that Defendants falsely recorded the DOT Assignment and the notice of default. See id. ¶¶ 25, 28. Plaintiff pleads that Chase asserted an interest in the DOT based on the false claim that it was "entitled to any loan ever made by [WaMu], especially those loans NOT owned by [WaMu] at the time that the Federal Government gave all of the assets of the defunct [WaMu] to Chase without a public auction or any bidding process." Id. Plaintiff further alleges that Defendants violated the RICO statute by perpetrating a similar fraud against a large number of WaMu's other former borrowers. See id. ¶¶ 31-58.

Defendants subsequently moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 663. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

## IV. DISCUSSION

### A. Slander of Title and Wrongful Foreclosure

Plaintiff's first two claims are predicated on the allegation that Chase never had a legal interest in Plaintiff's deed of trust or the underlying loan, which was made by WaMu. Defendants argue

4

that these claims fail because Chase purchased WaMu's assets, including its interest in Plaintiff's deed of trust, through its purchase agreement with WaMu's receiver, FDIC. The purchase agreement provides that "[Chase] purchases . . . all right, title, and interest of the Receiver in and to all of the assets (real personal and mixed, wherever located and however acquired) . . . . of [WaMu] whether or not reflected on the books of [WaMu] as of Bank Closing." Purchase Agreement § 3.1. Several types of assets are excluded from the agreement, but Plaintiff's deed of trust does not appear to fall into any of these categories. See id. §§ 3.5, 3.6, 4.5.

In response to Defendants' arguments concerning the FDIC purchase agreement, Plaintiff cites to Javaheri v. JPMorgan Chase Bank, N.A., CV10-08185 ODW FFMX, 2011 WL 2173786 (C.D. Cal. June 2, 2011). Opp'n at 7-9. In Javaheri, as in the instant action, the plaintiff asserted a claim for wrongful foreclosure on the ground that Chase had no interest in his promissory note. Javaheri, 2011 WL 2173786, at *5. While the court denied Chase's motion to dismiss with respect to Javaheri's wrongful foreclosure claim, it did not find Chase's asset purchase agreement with the FDIC defective. Rather, the court held that Javaheri had plausibly alleged that Chase lacked an interest in his note and deed of trust by pleading that the note had been securitized and sold to an investment trust prior to the asset purchase agreement. Id. at *5-6. Thus, nothing in the Javaheri opinion suggests that Chase's asset purchase agreement with FDIC was invalid or did not encompass mortgages such as Plaintiff's.

In her opposition brief, Plaintiff also suggests that her promissory note, like Javaheri's, was securitized and sold prior to the FDIC asset purchase agreement. See Opp'n at 9. However, these facts are not alleged in the Complaint. Indeed, the only reference to securitization in the Complaint is a vague and generalized allegation that the foreclosure crisis was caused by "[Chase] and [BofA] and their criminal enterprise and underlying conspiracy as it related to the fraud involved with the securitization of mortgage loans and the issuance of unregulated derivative contracts."[3] Compl. ¶ 36; see also id. ¶ 50 ("[L]oans were grouped into 'pools' and sold multiple times."). In contrast, in Javaheri, the plaintiff specifically alleged the security in which his loan was pooled. 2011 WL 2173786, at *5.

Because Plaintiff has failed to plausibly allege that Chase has no interest in the note or the deed of trust, her claims for wrongful foreclosure and slander of title necessarily fail. Accordingly, these claims are DISMISSED with leave to amend.

**B. RICO**

Plaintiff's third cause of action is for violation of the RICO statute, 18 U.S.C. § 1962(c). Section 1962(c) imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity." Racketeering activity is defined to

---

[3] This is not the only new allegation raised in Plaintiff's opposition brief. Plaintiff also argues that Defendants failed to comply with California Civil Code section 2923.5 and that Defendants' foreclosure proceedings are oppressive and illegal because the notice of default was not recorded by the true trustee on the deed of trust. Opp'n at 10, 14. Because neither of these allegations appear in the Complaint, the Court declines to address them at this time. If Plaintiff wishes to plead a violation of Civil Code section 2923.5, then she should do so in her amended complaint, not her opposition papers.

1  include a number of generically specified criminal acts, as well as
2  the commission of one of a number of listed predicate offenses.  18
3  U.S.C. § 1961(1).  The elements of a civil RICO claim are: "(1)
4  conduct (2) of an enterprise (3) through a pattern (4) of
5  racketeering activity (known as 'predicate acts') (5) causing
6  injury to the plaintiff's 'business or property.'"  <u>Grimmett v.
7  Brown</u>, 75 F.3d 506, 510 (9th Cir. 1996).
8       Here, Plaintiff alleges that "Defendants intentionally
9  participated in a scheme to defraud <u>everyone</u>" by "sending the
10 fraudulent affidavits, assignments and pleadings to the clerks of
11 court, judges, attorneys, and defendants in foreclosure cases."
12 Compl. ¶ 33 (emphasis added).  Plaintiff further alleges that the
13 predicate acts of fraud are: "[c]laiming ownership of assets on
14 behalf of entities which were not the real parties in interest,"
15 "[a]ctively concealing the parties' lack of standing in their
16 standard documents for foreclosure," and "[t]he drafting of the
17 fraudulent affidavits and documents and the subsequent execution of
18 the documents . . . and the filing of fraudulent and forged
19 affidavits as to loan ownership."  <u>Id.</u> ¶ 37.
20      This claim is far from plausible.  As discussed in Section
21 IV.A <u>supra</u>, Plaintiff has failed to allege facts to support the
22 contention that Defendants lack standing to foreclose on
23 Plaintiff's property.  Nor has she pled any facts to support her
24 broad and sweeping contention that Defendants defrauded "everyone"
25 by falsely claiming ownership of any number of other loans.
26 Further, Plaintiff has failed to plausibly allege racketeering
27 activity distinct from the alleged RICO enterprise.  See <u>Banayan v.
28 OneWest Bank F.S.B.</u>, 11CV0092-LAB WVG, 2012 WL 896206, at *3 (S.D.

United States District Court
For the Northern District of California

Cal. Mar. 14, 2012). In short, Plaintiff's RICO claim appears to be nothing more than conclusory allegations punctuated by threadbare recitals of the elements of a RICO cause of action. Plaintiff's attempt to cast a straightforward foreclosure proceeding as a pattern of racketeering activity is simply improper. See Johnson v. Wachovia Bank FSB, 2:10-CV-2839 GEB, 2012 WL 4092426, at *1 n.2 (E.D. Cal. Sept. 17, 2012).

Accordingly, Plaintiff's third cause of action for civil RICO violations is DISMISSED WITH PREJUDICE.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants JP Morgan Chase N.A. and Bank of America N.A.'s motion to dismiss. Plaintiff Reyna U. Zacharias's first and second causes of action (slander of title and wrongful foreclosure) are DISMISSED WITH LEAVE TO AMEND. Plaintiff's third cause of action (RICO) is DISMISSED WITH PREJUDICE. Plaintiff shall file an amended complaint within thirty (30) days of the signature date of this Order. Failure to do so may result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

Dated: February 13, 2013

UNITED STATES DISTRICT JUDGE