United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REYNA U. ZACHARIAS,                 )  Case No. 12-06525 SC
                                    )
           Plaintiff,               )  ORDER GRANTING MOTION TO
                                    )  DISMISS
      v.                            )
                                    )
JP MORGAN CHASE BANK, N.A.,         )
BANK OF AMERICA, N.A.,              )
                                    )
           Defendants.              )
_____)

I.   **INTRODUCTION**

     Plaintiff Reyna U. Zacharias ("Plaintiff") brings this action
in connection with foreclosure proceedings commenced against her
San Francisco home.  Specifically, she asserts claims for: (1)
slander of title, (2) wrongful foreclosure, and (3) violation of
the Racketeer Influenced and Corrupt Organizations Act ("RICO").
ECF No. 1 Ex. 1 ("Compl.").  Defendants JP Morgan Chase Bank, N.A.
("Chase") and Bank of America, N.A. ("BofA") (collectively,
"Defendants") now move to dismiss for failure to state a claim
pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 5
("MTD").[1]  The motion is fully briefed, ECF Nos. 22 ("Opp'n"), 27

_____

[1] Defendants first noticed their motion on December 26, 2012 and
re-noticed the motion after the matter was re-assigned to the
undersigned.  ECF Nos. 3, 20.

1  ("Reply"), and appropriate for resolution without oral argument.

2  For the reasons set forth below, the Court GRANTS the motion.

3

4  **II.   BACKGROUND**

5      In April 2007, Plaintiff obtained a loan from Washington

6  Mutual Bank, F.A. ("WaMu"), secured by a deed of trust (the "DOT")

7  encumbering her San Francisco home.  Compl. ¶ 9; ECF No. 6 (Request

8  for Judicial Notice ("RJN")) Ex. 1 ("DOT").[2]  The DOT identifies

9  WaMu as the beneficiary and indicates that WaMu lent Plaintiff

10 $947,500.  The federal government later closed WaMu and appointed

11 the Federal Deposit Insurance Corporation ("FDIC") as the bank's

12 receiver.  See RJN Ex. 2 ("Purchase Agreement").  On September 25,

13 2008, Chase acquired certain assets and liabilities of WaMu through

14 an asset purchase agreement with the FDIC.  Id.  On September 21,

15 2009, an "Assignment of Deed of Trust" was recorded with the San

16 Francisco Assessor-Recorder.  Compl. ¶ 10; RJN Ex. 3 ("DOT

17 Assignment").  The document states that Chase, as successor in

18 interest to WaMu, assigned its interest in the DOT to BofA.  DOT

19 Assignment.

20

21 _____

   [2] Plaintiff's objections to Defendants' RJN, ECF No. 23, are
22 OVERRULED and the Court takes judicial notice of the deed of trust
   and the other publicly filed documents attached to the RJN, but not
23 the truth of the matters asserted by those documents.  Pursuant to
   Federal Rule of Evidence 201, the Court may take judicial notice of
24 "a fact that is not subject to reasonable dispute" because, among
   other things, it "can be accurately and readily determined from
25 sources whose accuracy cannot reasonably be questioned."
   Accordingly, the Court "may properly take notice of public facts
26 and public documents."  Cactus Corner, LLC v. U.S. Dept. of Agric.,
   346 F. Supp. 2d 1075, 1098 (E.D. Cal. 2004).  Additionally,
27 Plaintiff references many of the documents attached to the RJN in
   her complaint and, under the "incorporation by reference doctrine,"
28 a court may properly consider such documents.  See Knievel v. ESPN,
   393 F.3d 1068, 1076 (9th Cir. 2005)

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

A notice of default was also recorded on September 21, 2009, indicating that Plaintiff was $13,873.88 in arrears on her loan payments.  RJN Ex. 4.  Two notices of trustee's sale were later recorded, the first on December 23, 2009, and the second on November 5, 2012.  RJN Exs. 5, 6.  According to the second notice, a trustee's sale was scheduled for November 26, 2012, and the unpaid balance and other charges on Plaintiff's loan totaled $1,082,141.68.  It is unclear whether the trustee's sale has yet occurred.

On November 19, 2012, Plaintiff filed the instant action in California Superior Court and the case was subsequently removed on diversity and federal question grounds.  ECF No. 1.  Plaintiff asserts three causes of action: (1) slander of title, (2) wrongful foreclosure, and (3) violation of the RICO statute.  Compl. ¶¶ 15-57.  The first two claims are predicated on the allegation that Defendants falsely recorded the DOT Assignment and the notice of default.  See id. ¶¶ 25, 28.  Plaintiff pleads that Chase asserted an interest in the DOT based on the false claim that it was "entitled to any loan ever made by [WaMu], especially those loans NOT owned by [WaMu] at the time that the Federal Government gave all of the assets of the defunct [WaMu] to Chase without a public auction or any bidding process."  Id.  Plaintiff further alleges that Defendants violated the RICO statute by perpetrating a similar fraud against a large number of WaMu's other former borrowers.  See id. ¶¶ 31-58.

Defendants subsequently moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

United States District Court
For the Northern District of California

1  **III.  LEGAL STANDARD**

2      A motion to dismiss under Federal Rule of Civil Procedure

3  12(b)(6) "tests the legal sufficiency of a claim." Navarro v.

4  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

5  on the lack of a cognizable legal theory or the absence of

6  sufficient facts alleged under a cognizable legal theory."

7  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

8  1988).  "When there are well-pleaded factual allegations, a court

9  should assume their veracity and then determine whether they

10  plausibly give rise to an entitlement to relief." Ashcroft v.

11  Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

12  must accept as true all of the allegations contained in a complaint

13  is inapplicable to legal conclusions.  Threadbare recitals of the

14  elements of a cause of action, supported by mere conclusory

15  statements, do not suffice." Id. at 663. (citing Bell Atl. Corp.

16  v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a

17  complaint must be both "sufficiently detailed to give fair notice

18  to the opposing party of the nature of the claim so that the party

19  may effectively defend against it" and "sufficiently plausible"

20  such that "it is not unfair to require the opposing party to be

21  subjected to the expense of discovery." Starr v. Baca, 633 F.3d

22  1191, 1204 (9th Cir. 2011).

23

24  **IV.  DISCUSSION**

25      **A.   Slander of Title and Wrongful Foreclosure**

26      Plaintiff's first two claims are predicated on the allegation

27  that Chase never had a legal interest in Plaintiff's deed of trust

28  or the underlying loan, which was made by WaMu.  Defendants argue

4

that these claims fail because Chase purchased WaMu's assets,
including its interest in Plaintiff's deed of trust, through its
purchase agreement with WaMu's receiver, FDIC.  The purchase
agreement provides that "[Chase] purchases . . . all right, title,
and interest of the Receiver in and to all of the assets (real
personal and mixed, wherever located and however acquired) . . . .
of [WaMu] whether or not reflected on the books of [WaMu] as of
Bank Closing."  Purchase Agreement § 3.1.  Several types of assets
are excluded from the agreement, but Plaintiff's deed of trust does
not appear to fall into any of these categories.  See id. §§ 3.5,
3.6, 4.5.

     In response to Defendants' arguments concerning the FDIC
purchase agreement, Plaintiff cites to Javaheri v. JPMorgan Chase
Bank, N.A., CV10-08185 ODW FFMX, 2011 WL 2173786 (C.D. Cal. June 2,
2011).  Opp'n at 7-9.  In Javaheri, as in the instant action, the
plaintiff asserted a claim for wrongful foreclosure on the ground
that Chase had no interest in his promissory note.  Javaheri, 2011
WL 2173786, at *5.  While the court denied Chase's motion to
dismiss with respect to Javaheri's wrongful foreclosure claim, it
did not find Chase's asset purchase agreement with the FDIC
defective.  Rather, the court held that Javaheri had plausibly
alleged that Chase lacked an interest in his note and deed of trust
by pleading that the note had been securitized and sold to an
investment trust prior to the asset purchase agreement.  Id. at *5-
6.  Thus, nothing in the Javaheri opinion suggests that Chase's
asset purchase agreement with FDIC was invalid or did not encompass
mortgages such as Plaintiff's.

United States District Court
For the Northern District of California

In her opposition brief, Plaintiff also suggests that her promissory note, like Javaheri's, was securitized and sold prior to the FDIC asset purchase agreement. See Opp'n at 9. However, these facts are not alleged in the Complaint. Indeed, the only reference to securitization in the Complaint is a vague and generalized allegation that the foreclosure crisis was caused by "[Chase] and [BofA] and their criminal enterprise and underlying conspiracy as it related to the fraud involved with the securitization of mortgage loans and the issuance of unregulated derivative contracts."[3] Compl. ¶ 36; see also id. ¶ 50 ("[L]oans were grouped into 'pools' and sold multiple times."). In contrast, in Javaheri, the plaintiff specifically alleged the security in which his loan was pooled. 2011 WL 2173786, at *5.

Because Plaintiff has failed to plausibly allege that Chase has no interest in the note or the deed of trust, her claims for wrongful foreclosure and slander of title necessarily fail. Accordingly, these claims are DISMISSED with leave to amend.

### B. RICO

Plaintiff's third cause of action is for violation of the RICO statute, 18 U.S.C. § 1962(c). Section 1962(c) imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity." Racketeering activity is defined to

---

[3] This is not the only new allegation raised in Plaintiff's opposition brief. Plaintiff also argues that Defendants failed to comply with California Civil Code section 2923.5 and that Defendants' foreclosure proceedings are oppressive and illegal because the notice of default was not recorded by the true trustee on the deed of trust. Opp'n at 10, 14. Because neither of these allegations appear in the Complaint, the Court declines to address them at this time. If Plaintiff wishes to plead a violation of Civil Code section 2923.5, then she should do so in her amended complaint, not her opposition papers.

United States District Court
For the Northern District of California

1   include a number of generically specified criminal acts, as well as

2   the commission of one of a number of listed predicate offenses.   18

3   U.S.C. § 1961(1).   The elements of a civil RICO claim are: "(1)

4   conduct (2) of an enterprise (3) through a pattern (4) of

5   racketeering activity (known as 'predicate acts') (5) causing

6   injury to the plaintiff's 'business or property.'"   Grimmett v.

7   Brown, 75 F.3d 506, 510 (9th Cir. 1996).

8        Here, Plaintiff alleges that "Defendants intentionally

9   participated in a scheme to defraud everyone" by "sending the

10  fraudulent affidavits, assignments and pleadings to the clerks of

11  court, judges, attorneys, and defendants in foreclosure cases."

12  Compl. ¶ 33 (emphasis added).   Plaintiff further alleges that the

13  predicate acts of fraud are: "[c]laiming ownership of assets on

14  behalf of entities which were not the real parties in interest,"

15  "[a]ctively concealing the parties' lack of standing in their

16  standard documents for foreclosure," and "[t]he drafting of the

17  fraudulent affidavits and documents and the subsequent execution of

18  the documents . . . and the filing of fraudulent and forged

19  affidavits as to loan ownership."   Id. ¶ 37.

20       This claim is far from plausible.   As discussed in Section

21  IV.A supra, Plaintiff has failed to allege facts to support the

22  contention that Defendants lack standing to foreclose on

23  Plaintiff's property.   Nor has she pled any facts to support her

24  broad and sweeping contention that Defendants defrauded "everyone"

25  by falsely claiming ownership of any number of other loans.

26  Further, Plaintiff has failed to plausibly allege racketeering

27  activity distinct from the alleged RICO enterprise.   See Banayan v.

28  OneWest Bank F.S.B., 11CV0092-LAB WVG, 2012 WL 896206, at *3 (S.D.

United States District Court
For the Northern District of California

1   Cal. Mar. 14, 2012).  In short, Plaintiff's RICO claim appears to

2   be nothing more than conclusory allegations punctuated by

3   threadbare recitals of the elements of a RICO cause of action.

4   Plaintiff's attempt to cast a straightforward foreclosure

5   proceeding as a pattern of racketeering activity is simply

6   improper.  See Johnson v. Wachovia Bank FSB, 2:10-CV-2839 GEB, 2012

7   WL 4092426, at *1 n.2 (E.D. Cal. Sept. 17, 2012).

8        Accordingly, Plaintiff's third cause of action for civil RICO

9   violations is DISMISSED WITH PREJUDICE.

10

11  **V.     CONCLUSION**

12       For the foregoing reasons, the Court GRANTS Defendants JP

13  Morgan Chase N.A. and Bank of America N.A.'s motion to dismiss.

14  Plaintiff Reyna U. Zacharias's first and second causes of action

15  (slander of title and wrongful foreclosure) are DISMISSED WITH

16  LEAVE TO AMEND.  Plaintiff's third cause of action (RICO) is

17  DISMISSED WITH PREJUDICE.  Plaintiff shall file an amended

18  complaint within thirty (30) days of the signature date of this

19  Order.  Failure to do so may result in the dismissal of this action

20  with prejudice.

21

22       IT IS SO ORDERED.

23

24  Dated:  February 13, 2013      _____

25                                 UNITED STATES DISTRICT JUDGE

26

27

28

8