IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA U. ZACHARIAS, ) | Case No. 12-06525 SC |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART MOTION TO |
| v. ) | DISMISS AMENDED COMPLAINT |
| ) | |
| JP MORGAN CHASE BANK, N.A., ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

Plaintiff Reyna U. Zacharias ("Plaintiff") brings this action against JP Morgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. ("BofA") (collectively, "Defendants") in connection with foreclosure proceedings commenced against her San Francisco home. Defendants now move to dismiss Plaintiff's first amended complaint ("1AC"). ECF No. 41 ("MTD"). The Motion is fully briefed and appropriate for resolution without oral argument per Civil Local Rule 7-1(b). ECF Nos. 45 ("Opp'n"), 48 ("Reply"). For the reasons set forth below, the motion to dismiss is GRANTED in part and DENIED in part.

///

///

## II. BACKGROUND

In April 2007, Plaintiff obtained a loan from Washington Mutual Bank, F.A. ("WaMu"), secured by a deed of trust (the "DOT") encumbering her San Francisco home. ECF No. 31 ("1AC") ¶ 9; ECF No. 42 (Request for Judicial Notice ("RJN")) Ex. 1 ("DOT").[1] The DOT identifies WaMu as the beneficiary and indicates that WaMu lent Plaintiff $947,500. The DOT also identifies California Reconveyance Company ("CRC") as the trustee.

The federal government later closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as the bank's receiver. See RJN Ex. 2 ("Purchase Agreement"). On September 25, 2008, Chase acquired certain assets and liabilities of WaMu through an asset purchase agreement with the FDIC. Id. On September 21, 2009, an "Assignment of Deed of Trust" was recorded with the San Francisco Assessor-Recorder. 1AC ¶ 10; RJN Ex. 3 ("DOT Assignment"). The document states that Chase, as successor in interest to WaMu, assigned its interest in the DOT to BofA. DOT Assignment.

A notice of default was also recorded on September 21, 2009, indicating that Plaintiff was $13,873.88 in arrears on her loan

---

[1] Plaintiff's objections to Defendants' RJN, ECF No. 46, are OVERRULED, and the Court takes judicial notice of the DOT and the other publicly filed documents attached to the RJN, but not the truth of the matters asserted by those documents. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" because, among other things, it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the Court "may properly take notice of public facts and public documents." Cactus Corner, LLC v. U.S. Dept. of Agric., 346 F. Supp. 2d 1075, 1098 (E.D. Cal. 2004). Additionally, Plaintiff references many of the documents attached to the RJN in her complaint and, under the "incorporation by reference doctrine," a court may properly consider such documents. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

payments. RJN Ex. 4. Two notices of trustee's sale were later recorded, the first on December 23, 2009, and the second on November 5, 2012. RJN Exs. 5, 6. According to the second notice, a trustee's sale was scheduled for November 26, 2012, and the unpaid balance and other charges on Plaintiff's loan totaled $1,082,141.68. It is unclear whether the trustee's sale has yet occurred.

On November 19, 2012, Plaintiff filed the instant action in California Superior Court and the case was subsequently removed on diversity and federal question grounds. ECF No. 1 Ex. 1 ("Compl."). Plaintiff asserted three causes of action: (1) slander of title, (2) wrongful foreclosure, and (3) violation of the RICO statute. Compl. ¶¶ 15-57. Defendants subsequently filed a motion to dismiss, which the Court granted on February 13, 2013. ECF No. 29. Plaintiffs' RICO claim was dismissed with prejudice, but the Court granted Plaintiff leave to amend her claims for slander of title and wrongful foreclosure.

Plaintiff subsequently filed her 1AC, alleging causes of action for: (1) slander of title; (2) wrongful foreclosure; (3) violation of California Civil Code section 2923.5; (4) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; and (5) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.[2]

///
///
///

---

[2] The Court did not grant Plaintiff leave to amend her pleadings to assert new causes of action for violations of section 2923.5, TILA, and the UCL.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 663. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

### IV. DISCUSSION

Defendants' motion asserts a number of arguments in favor of dismissing each of Plaintiff's claims. Though Plaintiff has filed an opposition brief, the Court can only assume that Plaintiff's counsel did not draft the brief with Defendants' motion in mind.

4

Large segments of the opposition brief are identical to the opposition brief Plaintiff filed in response to Defendants' previous motion to dismiss. Moreover, Plaintiff ignores most of the arguments asserted by Defendants, while responding to other arguments that Defendants do not make. The brief also goes so far as to defend claims that were never asserted in Plaintiff's pleading and to characterize Defendants' Rule 12(b)(6) motion to dismiss as a state law demurrer. In short, there is little to indicate that Plaintiff's counsel even reviewed Defendants' moving papers before filing their opposition.

In light of Plaintiff's failure to file a coherent opposition, the Court is inclined to agree with most of the arguments raised in Defendants' motion. The Court assumes familiarity with the arguments raised in the motion to dismiss and finds as follows:

- Plaintiff's claims are DISMISSED WITH PREJUDICE to the extent that they are premised on the assertion that securitization of the loan rendered the DOT unenforceable.
- Plaintiff's claim for slander of title is time barred to the extent it is predicated on the DOT, the assignment of the DOT, and the notice of default. The Court grants leave to amend so that Plaintiff may show why the statute of limitation should be tolled.
- Plaintiff's claim for slander of title is also DISMISSED to the extent that it is predicated on the recordation of the first and second notices of trustee's sale. Plaintiff is granted leave to amend to allege facts showing (1) Margaret Flynn is a robo-signer or otherwise lacked authority to sign

the notice of default, or (2) that CRC is not the rightful trustee on the DOT.

- Plaintiff's claim for wrongful foreclosure is DISMISSED because Plaintiff has failed to allege a foreclosure sale. The Court grants Plaintiff leave to amend so that she may allege whether and when the foreclosure sale occurred.
- Defendants' motion to dismiss Plaintiff's claim for violation of California Civil Code section 2923.5 is DENIED. Defendants are correct that a number of judges in this district have held that section 2923.5 is preempted by HOLA. See Capodiece v. Wells Fargo Bank, No. C 13-00032 WHA, 2013 U.S. Dist. LEXIS 67174 (N.D. Cal. May 9, 2013). However, the undersigned has held otherwise, and the Ninth Circuit has yet to rule on this issue. See Shaterian v. Wells Fargo Bank, Nat. Ass'n, C-11-920 SC, 2011 WL 2314151, at *4 n.8 (N.D. Cal. June 10, 2011); Pey v. Wachovia Mortgage Corp., 11-2922 SC, 2011 WL 5573894, at *8-9 (N.D. Cal. Nov. 15, 2011).
- Plaintiff's claim for violation of TILA is DISMISSED as time barred and DISMISSED WITH PREJUDICE to the extent that Plaintiff seeks rescission of her loan. To the extent that Plaintiff seeks only damages, the Court grants Plaintiff leave to amend to allege why the statute of limitations should be tolled. The Court advises Plaintiff that "the mere existence of TILA violations does not support equitable tolling of TILA's statutes of limitations." Quach v. Bank of Am., N.A., 5:13-CV-00467-EJD, 2013 WL 3788827, at *3 (N.D. Cal. July 17, 2013).

- Plaintiff's UCL claim is DISMISSED with leave to amend. Plaintiff's amended complaint should specifically identify the prong or prongs of the UCL under which Plaintiff is suing. To the extent that Plaintiff alleges a predicate violation of California Civil Code Section 2924, Plaintiff must specifically identify what provisions of the statute were violated. To the extent that Plaintiff is suing under the unfairness prong of the UCL, her pleading shall specifically identify how her claim is tethered to specific constitutional, statutory, or regulatory provisions. See <u>Bardin v. Daimlerchrysler Corp.</u>, 136 Cal. App. 4th 1255, 1260-61 (Cal. Ct. App. 2006). The amended complaint shall also identify how Plaintiff has suffered a cognizable injury under the UCL.

## V.  **CONCLUSION**

As set forth above, JP Morgan Chase Bank, N.A. and Bank of America, N.A.'s motion to dismiss Plaintiff Reyna U. Zacharias's complaint is GRANTED in part and DENIED in part. Plaintiff's claims for slander of title, wrongful foreclosure, violation of TILA, and violation of the UCL are DISMISSED with leave to amend. Plaintiff's claim for violation of California Civil Code section 2923.5 remains undisturbed. Plaintiff shall file her amended pleading within thirty (30) days of the signature date of this Order and that pleading shall comply with the guidance set forth above. Failure to timely file an amended complaint or to cure the defects identified above may result in dismissal with prejudice of some or all of Plaintiff's causes of action. The Court does not grant Plaintiff leave to amend to assert new causes of action.

7

1  Plaintiff shall comply with the requirements set forth in Federal
2  Rule of Civil Procedure 15 prior to asserting any new causes of
3  action.  The Court will not entertain any further briefing like the
4  kind that Plaintiff submitted in connection with the instant motion
5  to dismiss.  Any future opposition briefs filed by Plaintiff's
6  counsel shall directly respond to the arguments raised by opposing
7  counsel.  Plaintiff's counsel shall share a copy of this Order with
8  their client and, within ten (10) days of the signature date of
9  this Order, shall file a declaration with the Court confirming that
10 they have complied with this instruction.

12     IT IS SO ORDERED.

14     Dated: August 29, 2013

       _____
       UNITED STATES DISTRICT JUDGE